## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **CHARLOTTE SADLER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:** _____ |
| | ) |
| **TARGET CORPORATION** | ) |
| **d/b/a TARGET STORES, INC.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF REMOVAL

Defendant, Target Corporation d/b/a Target Stores, Inc. ("Target"), by counsel, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, hereby removes the action brought against it by Charlotte Sadler, ("Sadler") in the Circuit Court of the Loudoun County, styled Charlotte Sadler v. Target Corporation d/b/a Target Stores, Inc.. As grounds for removal, Defendant states the following:

### PARTIES

(1)     On or about March 22, 2018, Sadler filed a complaint against Target in the Circuit Court of the Loudoun County. A copy of the Complaint is attached as Exhibit A.

(2)     The complaint was served via process server to CT Corporation System, the Registered Agent for Target on July 23, 2018. Target accepted service by filing its Demurrer, Answer and Affirmative Defenses on August 10, 2018.

(3)     According to Plaintiff's Complaint, Sadler is a Virginia citizen.

1

(4)     At the time this action was commenced in the Circuit Court of the Loudoun County and at the time of the filing of this Notice of Removal, Target was and remains a Minnesota Corporation with its principal place of business in Minneapolis, MN.

## JURISDICTION AND VENUE

(5)     Defendants Target Corporation d/b/a Target Stores, Inc. are not citizens of Virginia and complete diversity exists. Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has subject matter jurisdiction over the action.

(6)     Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."

(7)     Target Corporation d/b/a Target Stores Inc., is the only proper party to this suit. Target therefore asserts that no further consent to removal is required.

(8)     The amount in controversy, pursuant to Plaintiff's complaint, exceeds $75,000, exclusive of interest and costs.

(9)     The last day of the 30 day period to remove falls on Wednesday, August 22, 2018. Therefore this notice of removal is timely filed within 30 days' notice of the initial pleading under 28 U.S.C. § 1446(b) and FRCP 6(a).

(10)     The United States District Court for the Eastern District of Virginia, Alexandria Division, embraces the Loudoun County.

## PROCESS AND PLEADINGS

(11)     A copy of the Complaint and Summons is attached as Exhibit A. No other process, pleadings, or orders have been served upon Target. A copy of Target's Demurrer, Answer, and Affirmative Defenses is attached as Exhibit B.

(12)    The Circuit Court of the Loudoun County has been notified of the removal of this action.

## **BRIEF IN SUPPORT**

(13)    Target will not file a brief in support of its Notice of Removal. According to Local Rule 7(F), briefs are only required to support motions.

WHEREFORE, Target requests that this action be removed to this Court and that this Court assume subject matter jurisdiction.

**TARGET STORES, INC.**


BY:_____/s/_____
                             Of Counsel


J. Derek Turrietta (VSB # 35233)
**STACKHOUSE, NEXSEN, &**
**TURRIETTA, PLLC**
4505 Colley Avenue
Norfolk, Virginia 23508
Telephone: (757) 623-355
Fax: (757) 624-9245
Email: dturrietta@stackhouselaw.net
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22st day of August, 2018, a true copy of the foregoing

NOTICE OF REMOVAL was sent via first class mail to:

Barbara S. Williams, Esquire
Cory R. Ford, Esquire
101 Loudoun Street, SW
Leesburg, Virginia 20175

***Counsels for Plaintiff***

_____/s/_____
J. Derek Turrietta (VSB # 35233)
**STACKHOUSE, NEXSEN, &
TURRIETTA, PLLC**
4505 Colley Avenue
Norfolk, Virginia 23508
Telephone: (757) 623-355
Fax: (757) 624-9245
Email: dturrietta@stackhouselaw.net
***Counsel for Defendant***

EXHIBIT

*A*

VIRGINIA:

### IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

FILED

2018 MAR 22 PM 2: 11

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA
TESTE: _____ D.C.

| | | |
|---|---|---|
| **CHARLOTTE SADLER** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TARGET CORPORATION** | : | |
| **d/b/a Target Stores, Inc.** | : | Case No.: 114190 |
| | : | |
| Serve: | : | |
| **CT Corporation System, Registered Agent** | : | |
| **4701 Cox Road, Suite 285** | : | |
| **Glen Allen, VA 23060** | : | |
| | : | |
| **Defendant** | : | |

### COMPLAINT

Plaintiff, Charlotte Sadler, by counsel, moves for judgment against the defendant, Target Corporation doing business as Target Stores, Inc. (hereinafter "Target Stores" or "Super Target") on the grounds and in the amount set forth as follows:

1.    Defendant Target Stores is a corporation which regularly conducts business in the County of Loudoun, Virginia.

2.    Defendant Target Stores owns and operates the Super Target located at 1200 Edwards Ferry Road NE in Leesburg, Virginia.

3.    Plaintiff, Charlotte Sadler (hereinafter "Sadler"), was and is a resident of Loudoun County, Virginia.

4.    On or about March 26, 2016, Sadler was a lawful patron of the Super Target in Leesburg, Virginia.

5.    On or about March 26, 2016, Sadler was a business invitee of Target Stores.

6.    While shopping at the Super Target, Sadler and a friend sat down in the café area in the front of the store.

7.    Sadler noticed that her chair was wobbly.

8.    As Sadler started to get up from the chair, the back leg broke and Sadler's head and body slammed onto the floor.

9.    The chair leg was broken and bent all the way back.

10.   As a result of her fall from the broken chair, Sadler sustained bodily injuries.

11.   As the owner and operator of places of business to which the general public is invited, Defendant Target Stores, and its agents and employees, had a non-delegable duty to maintain its premises in a reasonably safe condition, including but not limited to inspecting chairs to ensure they are not broken; in addition, the owner and operator of Defendant Target Stores has a duty to:

    a.    use reasonable care to have the premises in a reasonably safe condition for the customer's use;

    b.    not create dangerous and/or hazardous conditions, such as leaving a poorly maintained and defective chair in the café area, which they knew or should have known existed, in the exercise of appropriate care;

    c.    make reasonable inspections and efforts to determine whether conditions existed so as to render the property unsafe for the use of business invitees;

    d.    use ordinary care to warn invitees of any unsafe or defective conditions as it, its agents or employees knew or should have known by the use of ordinary care;

    e.    to otherwise properly remove or ameliorate any such dangerous conditions as described above.

12.     Notwithstanding these duties the Defendant Target Stores, its agents and employees negligently caused and permitted unsafe conditions to exist at the store, including but not limited to leaving a defective chair in the café area that was intended to be used by customers. Defendant failed to cure that hazard, ameliorate it, or protect or warn patrons of the hazardous, defective, and unsafe conditions created thereby, on the date and at the location where the Plaintiff was injured.

13.     Plaintiff had the right to assume that the premises were reasonably safe for her visit on March 26, 2016.

14.     As a direct and proximate result of the negligence of Defendant Target Stores, individually and acting by and through its employees within the scope of their employment, Charlotte Sadler was caused to sustain injuries; has incurred medical and hospital expenses in an effort to be healed and cured and may continue to incur said expenses in the future; and claims all damages allowable by law as enumerated in Virginia Model Jury Instruction 9.000 that are proven by the evidence.

WHEREFORE the Plaintiff, Charlotte Sadler, demands judgment against Defendant, Target Stores, in the sum of FOUR HUNDRED FIFTY THOUSAND Dollars ($450,000.00) or such greater amount as may be warranted by the evidence at trial, plus interest from the date of injury pursuant to Va. Code Ann. § 8.01-382 (1950, as amended), together with all costs, expenses, fees, and all such further relief as may be recoverable under applicable law.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

**CHARLOTTE SADLER**
By Counsel

Barbara S. Williams (VSB# 28279)
Cory R. Ford (VSB# 68153)
WILLIAMSFORD
101 Loudoun Street, SW
Leesburg, Virginia 20175
(703) 777-6535
(703) 777-6963 FAX
barbara@williamsfordlaw.com

# COMMONWEALTH OF VIRGINIA



## LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

### Summons

To: TARGET CORPORATION
DBA TARGET STORES INC
SERVE: CT CORP SYSTEM R/A
4701 COX ROAD SUITE 285
GLEN ALLEN VA 23060

Case No. 107CL00114190-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, July 17, 2018

Clerk of Court: GARY M CLEMENS

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:    WILLIAMS, BARBARA S
(703) 777-6535
101 LOUDOUN STREET SW
LEESBURG VA 20175

 **CT Corporation**

**Service of Process Transmittal**
07/23/2018
CT Log Number 533744423

**TO:**   Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:**   **Process Served in Virginia**

**FOR:**   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHARLOTTE SADLER, PLTF. vs. TARGET CORPORATION, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Loudoun County Circuit Court, VA<br>Case # 107CL0011419000 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 03/26/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/23/2018 at 09:00 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after such service |
| **ATTORNEY(S) / SENDER(S):** | Barbara S. Williams<br>WILLIAMSFORD<br>101 Loudoun Street, SW<br>Leesburg, VA 20175<br>703-777-6535 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/24/2018, Expected Purge Date: 07/29/2018<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>804-217-7255 |

Page 1 of  1 / AZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**VIRGINIA: IN THE CIRCUIT COURT FOR LOUDOUN COUNTY**

**CHARLOTTE SADLER,**

      **Plaintiff,**

**v.**                                      **Case No.: CL00114190-00**

**TARGET CORPORATION**
      **d/b/a Target Stores, Inc.**

      **Defendant.**

---

### DEMURRER, ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the defendant, TARGET CORPORATION, d/b/a TARGET STORES, INC. hereinafter "Target" improperly named in the Complaint as TARGET CORPORATION, by counsel, and provides the following Demurrer, Answer, and Affirmative Defenses to Plaintiff's Complaint:

### DEMURRER

1.    Target demurs to Plaintiff's Complaint regarding its caption and the naming of Target Corporation.

2.    Target Stores, Inc. is the fictitious name for Target Corporation in Virginia. Therefore, Target Stores, Inc. is the proper party in this matter, not Target Corporation.

3.    As such, Target demurs to the Complaint regarding Target Corporation and requests the Court dismiss this matter against Target Corporation.

### ANSWER

1.    Target admits that it is a corporation regularly conducting business in Loudoun County, Virginia.

2.    Target admits that it operates a store at the indicated address of 1200 Edwards

1

Ferry Road NE in Leesburg, Virginia.  Target denies all other factual allegations, if any, alleged in Paragraph 2 of the Compliant.

3.   Target does not have sufficient information to admit or deny the allegations contained in Complaint paragraph numbered 3 and therefore denies the same.

4.   Target does not have sufficient information to admit or deny the allegations contained in Complaint paragraph numbered 4 and therefore denies the same.

5.   Target does not have sufficient information to admit or deny the allegations contained in Complaint paragraph numbered 5 and therefore denies the same.

6.   Target does not have sufficient information to admit or deny the allegations contained in Complaint paragraph numbered 6 and therefore denies the same.

7.   Target does not have sufficient information to admit or deny the allegations contained in Complaint paragraph numbered 7 and therefore denies the same.

8.   Target does not have sufficient information to admit or deny the allegations contained in Complaint paragraph numbered 8 and therefore denies the same.

9.   Denied.

10. Target objects to the allegations of paragraph 10 on the basis that they constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; Target avers that no response is required to these legal conclusions.  However, to the extent that this Court should deem a response required, Target denies all legal conclusions in Paragraph 10 of the Complaint and denies all factual allegations, if any, in Paragraph 10 of the Complaint not otherwise specifically admitted.

11. Target objects to the allegations of paragraph 11. and 11. a-e. on the basis that they

constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; Target avers that no response is required to these legal conclusions. However, to the extent that this Court should deem a response required, Target denies all legal conclusions in Paragraph 11. and 11. a-e. of the Complaint and denies all factual allegations, if any, in Paragraph 11. and 11. a-e. of the Complaint not otherwise specifically admitted.

 12. Denied.

 13. Target objects to the allegations of paragraph 13 on the basis that they constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; Target avers that no response is required to these legal conclusions. However, to the extent that this Court should deem a response required, Target denies all legal conclusions in Paragraph 13 of the Complaint and denies all factual allegations, if any, in Paragraph 13 of the Complaint not otherwise specifically admitted.

 14. Denied.

## **AFFIRMATIVE DEFENSES**

1. Target denies that it is liable to plaintiff in any amount or for any reason whatsoever.

2. Target denies that it was guilty of any negligence or carelessness whatsoever which caused or contributed to cause Plaintiff's alleged injuries and damages.

3. Plaintiff was negligent, which was a contributory or sole proximate cause of her alleged injuries and damages.

4. Plaintiff assumed the risk of her alleged injuries and damages by her actions.

5. Target states affirmatively that to the extent Plaintiff suffered any damages, Plaintiff failed to mitigate her damages.

3

6.   If Plaintiff suffered any harm, as alleged and which is denied, it was not directly or proximately caused by Target.

7.   Target lacked actual or constructive notice of any alleged error, defect, or hazardous condition.

8.   Although denied, any alleged defect was open and obvious.

9.   Target denies that it breached any duty owed to Plaintiff.

10. Plaintiff is not entitled to the relief sought because there were no unsafe conditions on the premises at the time of the alleged accident.

11. Plaintiff's action is barred by her contributory negligence and her assumption of the risk.

12. Plaintiff's action is barred against Target because the damages she alleges were caused or proximately caused by some person or third party other than Target for whom Target is not legally responsible.

13. Plaintiff is not entitled to the relief sought because if there were unsafe or defective conditions on the premises at the time of the alleged accident, Target had no actual or constructive knowledge of it.

14. Plaintiff's alleged injuries were not caused or proximately caused by her alleged fall.

15. Target reserves the right to amend its Answer to include any other lawful defenses of which it becomes aware.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered, "Target" prays that the Complaint against it be dismissed with prejudice and that it be awarded attorney's fees and costs expended and such further relief as this Court deems appropriate.

**Target demands a trial by jury on all issues so able to be determined.**

Respectfully Submitted,

**TARGET CORPORATION
d/b/a TARGET STORES, INC.**

J. Derek Turrietta VSB# 35233
STACKHOUSE, NEXSEN & TURRIETTA, PLLC
4505 Colley Avenue
Norfolk, Virginia 23508
Telephone: (757) 623-3555
Fax: (757) 624-9245
dturrietta@sntlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Demurrer, Answer, and Affirmative Defenses* was served via First Class Mail Delivery to **Counsels for Plaintiff, Barbara S. Williams and Cory R. Ford, WilliamsFord, 101 Loudoun Street, SW, Leesburg, Virginia  20175,** with the original to the clerk for filing via **FEDEX NEXT DAY AIR DELIVERY #8115 5191 5045,** on this 10th day of August, 2018

J. Derek Turrietta VSB# 35233
**STACKHOUSE, NEXSEN & TURRIETTA, PLLC**
4505 Colley Avenue
Norfolk, Virginia 23508
Telephone: (757) 623-3555
Fax: (757) 624-9245
dturrietta@sntlegal.com
***Counsel for Defendant***

5